

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*          *(203)821-3700*
*157 Church Street, 25th Floor*          *Fax (203) 773-5376*
*New Haven, Connecticut 06510*          *www.justice.gov/usao/ct*

February 21, 2020

Gal Pissetzky, Esq.
Via Email

     Re:    <u>United States v. Steven Gold</u>
                Case No. 19cr43 (JCH)

Dear Attorney Pissetzky:

This letter confirms the plea agreement between your client, Steven Gold (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to Counts 1 and 2 of the Substitute Information charging him with violations of 18 U.S.C. §§ 1349 and 1343.

For Count 1, the defendant understands that to be guilty of this offense, the following essential elements must be satisfied:

1. Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit mail or wire fraud, as charged in the Substitute Information; and
2. The defendant knew the unlawful purpose of the plan and willfully joined in it.

For Count 2, the defendant understands that to be guilty of this offense, the following essential elements must be satisfied:

1. That the defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises (or willfully participated in such a scheme with knowledge of its fraudulent nature);

2. That the defendant acted with the intent to defraud; and

3. That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

## THE PENALTIES

### Imprisonment

Counts 1 and 2 each carry a maximum penalty of 20 years of imprisonment.

### Supervised Release

In addition, for each count, the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

### Fine

Each of these counts carries a maximum fine of $250,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000; or (4) the amount specified in the section defining the offense.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $200. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of restitution that may be ordered by the Court noted above, the defendant agrees to make restitution in the amount of $9,419,209.69.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant

has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range. The parties agree that under § 3D1.1, Count 1 and Count 2 will group because both counts involve the same victim and are connected by a common criminal objective. *See* U.S.S.G. § 3D1.2.

The defendant's base offense level under U.S.S.G. § 2B1.1 is 7. Two levels are added under § 3B1.3 because the defendant abused a position of trust or used a special skill in the commission of the criminal activity. Eighteen levels are added because the parties agree that loss is more than $3.5 million but less than $9.5 million. U.S.S.G. § 2B1.1(b)(1)(J). Subtracting three levels for acceptance of responsibility, as noted above, makes the total offense level 24.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 24, assuming a Criminal History Category I, would result in a range of 51 to 63 months of imprisonment (sentencing table) and a fine range of $20,000 to $200,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of 1 year to 3 years. U.S.S.G. § 5D1.2.

The parties reserve their respective rights to seek either a departure from the applicable Guideline range or a non-Guidelines sentence.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under

oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed 63 months of imprisonment, a 3 -year term of supervised release, a $200 special assessment, a fine of $200,000 and a restitution amount of $$9,419,209.69, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

Waiver of Venue

With respect to Count Two of the Substitute Information, the defendant understands that he has a constitutional right to be charged and tried in the states and districts where the crime is alleged to have occurred, to wit: the Northern District of Illinois or the Eastern District of Wisconsin. The defendant understands and knowingly waives such right and consents to this crime being charged in the District of Connecticut.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conspiracy, which forms the basis of the Substitute Information in this case. After sentencing, the Government will move to dismiss Counts 1, 4 and 7 of the original Indictment as they pertain to this defendant.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

RAY MILLER
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

STEVEN GOLD
The Defendant

Date: 2-21-20

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

GAL PISSETZKY, ESQ.
Attorney for the Defendant

Date: 2-21-20

## STIPULATION OF OFFENSE CONDUCT

The defendant STEVEN GOLD (hereinafter "GOLD") and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the Indictment.

## COUNT ONE

GOLD was employed by Company A, a supplier of electronic components based in Waukegan, Illinois. GOLD was employed by Company A and operated the accounting and billing systems for Company A in Illinois.

GOLD, knowingly and with the intent to defraud, participated in a scheme to defraud Company A with Kenneth Pedroli ("Pedroli") and John Finkle ("Finkle"). In this scheme, Pedroli paid a discounted price for components sold by Company A, and paid Finkle directly via check. Finkle in turn deposited Pedroli's check into his personal bank account and provided a portion of this kickback to GOLD.

Specifically, Finkle secured orders from Pedroli for products sold by Company A. Finkle instructed Pedroli to place his orders and list prices at a fraction of Company A's published price. After Finkle submitted Pedroli's order to Company A at the discounted price, the products would be shipped from Company A to Pedroli. Company A generated an invoice billing Pedroli's company for the discounted purchase price of the products. Finkle instructed Pedroli to pay only a portion of the invoiced price and to make the payments directly to him (Finkle) in Connecticut. In each instance, Pedroli wrote a check for a portion of the invoiced price, made the check payable to Finkle, and mailed the check to Finkle in Connecticut. Finkle would negotiate Pedroli's check by depositing the money into his personal bank account. GOLD manipulated the accounting records of Company A to make it appear that Pedroli had paid

Company A for the products, for which he received payment from Finkle.

In furtherance of this conspiracy, on August 22, 2016 GOLD deposited a kickback check he received from Finkle (check #995005 ) in the amount of $11,150.00 into his (GOLD'S) personal bank account, causing the interstate wiring of money from Finkle's bank in Connecticut to GOLD's bank in Illinois.

## COUNT TWO

GOLD was the Assistant Accounting Manager for Company A. He was responsible for handling all of the day-to-day financial transactions, which included supervising and handling accounts payable and accounts receivable, maintaining the general ledger and accounting system, and preparing bank statement reconciliations. GOLD had authority to access Company A's bank account and was authorized to make electronic payments from the company's bank account, without obtaining supervisory approval. GOLD worked for Company A from November 2001 through December 2018.

Beginning in or about at least early 2012 and continuing until in or about December 2018, GOLD misappropriated funds belonging to Company A for his own personal benefit by using corporate funds to pay his personal credit card bills. GOLD made false entries in the company's accounting system to cause and conceal those fraudulent payments. GOLD fraudulently misappropriated $6,060,151.00 of Company A's funds.

GOLD intentionally misappropriated funds from Company A by fraudulently causing electronic payments to be made from Company A's bank account to JPM Chase Bank and First Bankcard to pay for personal expenses that GOLD charged on his personal credit cards. GOLD knew that he was not authorized by Company A to use corporate funds to pay for personal expenses.

GOLD misappropriated corporate funds at least approximately 100 times through electronic transfers used to pay his credit card expenses over a six-year period of time. GOLD used those funds to pay for personal expenses that included vacations, on-line gambling, cruises, home improvement costs, furniture, clothes, restaurants, college tuition, and car payments.

In order to misappropriate funds from Company A, GOLD made false and misleading journal entries in Company A's accounting records, and intentionally altered and falsified information concerning customers' payments to Company A. GOLD made these false accounting entries in order to balance the books, so that he could avoid detection and continue misappropriating funds.

GOLD made entries in the accounting records falsely understating the amount of money paid by certain customers to Company A, and GOLD misappropriated the additional funds that had been paid by those customers. GOLD used those funds to pay his personal credit card bills. GOLD also generated false financial reports that understated the company's income from sales.

GOLD also misappropriated corporate funds from Company A by transferring hundreds of thousands of dollars to his wife's company. In fact, GOLD knew that Company A did not owe any money to that company, and GOLD was not authorized to make those payments.

As a result of his actions related to Count 2, GOLD caused a loss to Company A of $6,060,151.00.

On or about October 9, 2017, at Waukegan, in the Northern District of Illinois, Eastern Division, and elsewhere, for the purpose of executing the scheme to defraud, GOLD knowingly caused to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, and signals, namely, an interstate electronic transfer of funds from Company A's

bank account at BMO Harris Bank, through the ACH system, to JPM Chase Bank, in the amount

of approximately $18,200, to pay personal expenses on GOLD's credit card.

       This written stipulation is part of the plea agreement. The defendant and the Government

reserve their right to present additional offense conduct and relevant conduct to the Court in

connection with sentencing.

_____
STEVEN GOLD
The Defendant

_____
RAY MILLER
ASSISTANT UNITED STATES ATTORNEY

_____
GAL PISSETSKY, ESQ.
Attorney for the Defendant

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I) the value of the property on the date of the damage, loss, or destruction; or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court

may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.